IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Civil No. JFM-07-2746 |
| | * | Criminal No. JFM-04-22 |
| | * | |
| DARIUS TANZYMORE | * | |

*****

MEMORANDUM

Darius Tanzymore has filed a motion under 28 U.S.C. §2255.  The arguments he makes are entirely without merit, and they need be only briefly addressed.

1. Alleged Unconstitutionality of 18 U.S.C. §922(g)(1)

The government proved that the firearm of which Tanzymore was convicted of possessing (as a convicted felon) was manufactured in Austria, was sent to the United States, and was possessed by Tanzymore in Baltimore, Maryland.  This evidence clearly was sufficient to meet the statutory requirement that the firearm had "been shipped or transported in interstate or foreign commerce."  Moreover, there clearly is a rational basis for §922(g)(1).  *See Lewis v. United States*, 445 U.S. 55, 67 (1980) ("Congress' judgment that a convicted felon . . . is among the class of persons who should be disabled from dealing in or possession firearms because of potential dangerousness is rational.")

2. Alleged Insufficiency of Notice that Tanzymore was Subject to Being Sentenced as an Armed Career Criminal

The indictment against Tanzymore did not allege that Tanzymore had three prior convictions qualifying him as an armed career criminal under 18 U.S.C. §924(e)(1).  However, the law is clear that such an allegation is unnecessary because §924 is merely a sentence enhancement provision, not a substantive charge.  *See Almond v. United States*, 854 F. Supp. 439

(W.D.Va. 1994); *see also United States v. Futrell*, No. 4605, 2007 U.S. App. LEXIS 23389, *5 (4th Cir. Oct. 5, 2007) ("Sentencing courts may rely on prior convictions to invoke the enhancement provided by §924(e)(1), even if the prior convictions were not charged in the indictment or found by a jury, so long as no facts extraneous to the fact of conviction need be decided.")

      3.  <u>Alleged Lack of Three Separate Prior Convictions</u>

Tanzymore finally claims that he was not an "armed career criminal" because two of his convictions were sufficiently related that they should be deemed to be a single conviction for purposes of §924(e). As Tanzymore asserts, two of the convictions were entered on the same day, December 23, 1997. However, the convictions resulted from two separate indictments and convictions for distribution of cocaine, one on November 18, 1997, and the other on November 26, 1997. For the armed career criminal provision to apply, a defendant's three prior convictions must have been "committed on occasions different from one another." *United States v. Mason*, 954 F.2d 219, 221 (4th Cir. 1992). This requirement is met where each of the prior convictions arose out of a "separate and distinct criminal episode." *United States v. Letterlough*, 63 F.3d 332, 335 (4th Cir. 1995). In *Letterlough*, two different drug transactions conducted less than two hours apart at the same location with the same undercover officer were found to be "separate and distinct episodes." It follows *a fortiori* that two separate distributions of cocaine on two separate days meet this requirement.

A separate order denying Tanzymore's motion is being entered herewith.


Date: March 31, 2008          /s/
                              J. Frederick Motz
                              United States District Judge